**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Isabel BENITEZ–BELTRAN,**
**Defendant—Appellant.**

**No. 04–30295.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 28, 2005.

James P. Hagarty, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Defendant–Appellant.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Isabel Benitez–Beltran appeals his 121–month sentence imposed following his guilty plea conviction to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We remand for resentencing.

Benitez–Beltran contends that he is entitled to a remand for resentencing. Because Benitez–Beltran was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (concluding that a limited remand is warranted in all pending direct appeals involving unpreserved *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), errors, whether constitutional or nonconstitutional). If appellant does not want to pursue resentencing, appellant should promptly notify the district court judge on remand. *See Ameline,* 409 F.3d at 1084.

**REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.